Before STATE INDUSTRIAL BOARD, Respondent.

WILLIAM D. HIO, Claimant, Respondent, *v.* YOUNGLOVE CASKET COMPANY, INC. and Another, Appellants.

*Workmen's Compensation Law — State Industrial Board may open case and grant further hearing after decision of referee finding on facts and denying claim.*

Appeal from a decision and award of the State Industrial Board, made on September 13, 1922.

PER CURIAM: The only question raised is whether or not after the claim had been denied by the referee, the State Industrial Board could open the case and grant further hearing. The referee decided, as a matter of fact, that there was not sufficient notice given in this case of the accident to excuse a written notice. Section 19 of the Labor Law* provides: " The decision of a referee on such a claim shall be deemed the decision of the Industrial Board from the date of the filing thereof in the Department, unless the Industrial Board, on its own motion or on application duly made to it, modify or rescind such decision." Upon application the Board did rescind the decision, and made the award from which the appeal is taken. The award should, therefore, be affirmed. Award unanimously affirmed, with costs in favor of the State Industrial Board.

———

G. EDWARD LAING and Others, Claimants, Appellants, *v.* STATE OF NEW YORK, Respondent.

*State — contracts — damages — Court of Claims — findings of, contrary to proof — when disapproved on appeal.*

Appeal from a judgment entered in the office of the Court of Claims on December 17, 1920.

PER CURIAM: The principle of *Gearty v. Mayor, etc.* (171 N. Y. 61), applied to the findings of fact made by the Court of Claims would justify a judgment in favor of the claimants for damages occasioned claimants by the breach of contract made by the State in requiring claimants to use two-inch stone for the top course rather than the run of the crusher. However, the findings of fact are unsupported by any proof whatever. There is no proof that the claimants were compelled to use two-inch stone. On the contrary, the proof is that they used such stone voluntarily. Moreover, there is no proof whatever that the claimants were in any wise damaged. No figures from which damages can be reckoned were given by any witness. On the other hand the proof is undisputed that the grading of the stone was necessary in order to enable claimants to obtain correct sizes for surface dressing. We, therefore disapprove of findings 7, 8, 12, 13 and 14, and affirm the judgment. Judgment unanimously affirmed, without costs. The court disapproves of findings of fact numbered seven, eight, twelve, thirteen and fourteen.

———

* See Consol. Laws, chap. 31 (Laws of 1921, chap. 50), § 19, as amd. by Laws of 1921, chap. 642.— [REP.