Louis H. Schleider, Respondent, v. Maryland Casualty Company, Appellant, Impleaded with Bertha Horowitz, Respondent.

First Department, April 19, 1929.

*James J. Mahoney* of counsel [*Robert B. Livingston* with him on the brief], for the appellant.

*L. H. Schleider* of counsel [*Louis Kunen* with him on the brief; *Ida P. Schleider*, attorney], for the plaintiff, respondent.

*Harris Jay Griston*, for the respondent Bertha Horowitz.

Martin, J. The defendant Maryland Casualty Company contends that it is entitled to the sum of $3,500 now held by plaintiff, which was paid to him as attorney for Bertha Horowitz, by way of settlement, release and discontinuance of an action brought by said Bertha Horowitz, as plaintiff, against one Rose B. Pollock, as defendant.

The plaintiff, an attorney, commenced an action on or about June 1, 1925, in the Supreme Court, New York county, on behalf of Bertha Horowitz, to recover damages because of injuries sustained as a result of the negligent operation of an automobile owned by

Rose B. Pollock. The defendant Maryland Casualty Company had issued a policy of insurance to Rose B. Pollock insuring her against loss from such an accident. When the summons was served the defendant therein appeared by an attorney retained by the insurance company, and the case was about to be reached for trial when an agreement for settlement was made on July 6, 1927, resulting in the payment of the sum of $3,500 to plaintiff, as attorney for Bertha Horowitz.

On February 15, 1927, Rose B. Pollock, the defendant in that action, died, but neither the plaintiff herein nor the defendant casualty company had knowledge of that fact.

The defendant casualty company, on or about July 7, 1927, not knowing of the prior death of Rose B. Pollock, delivered to the plaintiff herein a check for the sum of $3,500 in settlement of the action, and received a general release and consent to the discontinuance thereof. The casualty company then received knowledge of the fact that Rose B. Pollock had died. It at once caused an investigation to be made and submitted proof of her death to the plaintiff, demanded a return of the $3,500 and notified plaintiff not to pay the money to any other person.

Since the receipt by the plaintiff of the $3,500 the defendant Bertha Horowitz has demanded that he pay over to her the said sum, less the agreed amount of compensation for his services as attorney for the plaintiff in that action, upon the ground that her claim in that action was settled, and that she is entitled to the proceeds thereof.

No claim is made that the settlement was the result of fraud or deceit, and there is no question of the good faith of the plaintiff herein. Upon the receipt of the check, the plaintiff immediately advised the defendant casualty company in writing of the information he had received, requested that company to investigate the matter, and advised the company that plaintiff would meanwhile withhold the money.

The defendant Bertha Horowitz retained other counsel, who demanded the proceeds of the settlement from plaintiff. The plaintiff herein, who had deposited the fund of $3,500 in a separate and special bank account, then applied to the court at Special Term, upon notice to the parties hereto, for an order authorizing him to deposit the said amount with accrued interest with the chamberlain of the city of New York, and an order to that effect was made and the money has been so deposited, so that the present action has become one for a judgment declaring the rights of the respective parties to the fund. Motion for judgment on the pleadings was made under rule 112 of the Rules of Civil Practice.

The sole question involved is whether a person who settles a case with an attorney, not knowing the action has abated, may compel the return of the money paid in settlement. The money was paid through a mistake of fact. Had the Maryland Casualty Company known that the defendant in the negligence action was dead, there would have been no settlement. The demand for the return of the amount so paid was made while the attorney had possession of the same.

The cases cited by the defendant, respondent, to establish her right to the money have no application. In those cases the alleged cause of action was of doubtful validity. In such an instance a settlement will be enforced. It is admitted by all parties to this action that the defendant in the negligence action had been dead for several months when the settlement was made. Therefore, there was nothing to settle. The settlement was made upon the assumption that the defendant was alive.

The opinion of the court at Special Term says that there is a question of fact as to the identity of the defendant in the negligence action. Such a question was obviated on appeal, for it is admitted that the defendant in the negligence action died about four months before this settlement was made.

There being no question of fact, the money paid by mistake should be returned to the Maryland Casualty Company. Ordinary fair dealing would compel such a course.

In the case of *Hathaway* v. *County of Delaware* (185 N. Y. 368) the court held that money paid under a mistake of fact may be recovered back, however negligent the party paying may have been in making the mistake, unless the payment has caused such a change in the position of the other party that it would be inequitable to require him to refund, and in such a case the burden of proving that fact rests upon the party resisting the payment. In this case the parties have not changed their position. The money is on deposit with the city chamberlain and may be returned.

The defendant Maryland Casualty Company is entitled to judgment, and the order so far as appealed from should be reversed, without costs, and the motion granted.

DOWLING, P. J., FINCH, McAVOY and PROSKAUER, JJ., concur.

Order so far as appealed from reversed, without costs, and the motion granted. Settle order on notice.