NEW YORK LIFE INSURANCE COMPANY, Appellant, *v.* ETTEL GUTTENPLAN, Respondent.

 No opinion.

Present — Martin, P. J., O'Malley, Townley, Cohn and Callahan, JJ.; Cohn, J., dissents; dissenting opinion by Cohn, J.

COHN, J. (dissenting). The documentary proof clearly establishes that the insured misstated his age when he applied for the life insurance in 1929. In a written declaration of his intention to become a citizen of the United States made in 1912 and again in his petition for naturalization executed in 1919, occasions when there was present no motive to speak falsely, the insured swore that he was born on July 13, 1872. This would make the insured's age fifty-seven years when he entered into the contract of insurance, and not forty-five years, as stated by him in his written application. The records of the board of elections of the city of New York show, too, that on October 12, 1932, three years after the issuance of the policy in suit, he stated his age was fifty-eight years, which would have made him fifty-five years of age at the time he signed the insurance application. No effort appears to have been made by defendant, the insured's widow, to present any documentary evidence tending to prove that the insured's correct age was as stated in the insurance application.

Appellant is entitled to recover the sum in excess of the amount which the premiums paid by the insured would have purchased at his correct age (see Laws of 1939, chap. 882, § 155, subd. 1, ¶ d, formerly Insurance Law, § 101, subd. 4), as such moneys were paid by plaintiff under a mistake of fact. (*Pink* v. *Title Guarantee & Trust Co.*, 274 N. Y. 167, 173; *Schleider* v. *Maryland Casualty Co.*, 226 App. Div. 50; affd., 252 N. Y. 598; *Apter* v. *Equitable Life Assur. Socy.*, 246 App. Div. 654; affd., 271 N. Y. 653.) I fail to perceive the wisdom of making an exception in this case. Not only does such a result tend to encourage the type of fraud involved here but it creates discrimination among life insurance policyholders in violation of the Insurance Law. (See Laws of 1939, chap. 882, § 209, subd. 1, formerly Insurance Law, § 89.)

The judgment should be reversed and judgment granted in favor of plaintiff for the sum of $1,801.35 which represents the amount of overpayment of the policy.