In the Matter of the Claim of JOE LEVINE, Respondent, against COMET PAINTING & DECORATING Co., INC., Employer, and STATE INSURANCE FUND, Appellant. STATE INDUSTRIAL BOARD, Respondent.

Submitted November 14, 1940; decided December 31, 1940.

*George J. Hayes* and *William F. O'Rourke* for appellant.

*Henry Kane* for claimant, respondent.

SEARS, J.   The claimant, Joe Levine, has sought a work-men's compensation award for disability from lead poisoning suffered on November 18, 1936.

A hearing before the referee was had on April 21, 1937, and two days later notice was given of an award made at the hearing in favor of the claimant and against the employer and the State Insurance Fund as carrier.   Soon thereafter the State Insurance Fund evidently discovered the employer's policy had expired on November 8, 1936, ten days before the claimant suffered the disability, and an application was promptly made by the carrier to the Indus-trial Board for an opportunity to submit evidence as to non-coverage on the date the disability was suffered.   Such evidence was received on July 13, 1937, and on August 12, 1937, the Board rendered a decision expressly sustaining the claim of the State Fund as to non-coverage and modify-ing the decision of April 21, 1937, by eliminating therefrom the insurance carrier and charging the award solely upon the employer as non-insured.

The sole question is whether the State Fund has waived its defense of non-coverage or is estopped from asserting it, by not presenting it before the award of April 21, 1937, was made.   The Appellate Division reversed the deter-mination of the Industrial Board, holding that the defense of non-coverage could not be asserted (citing *Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51).

We find warrant in the statute for the consideration by the Industrial Board of the liability of the carrier in spite of the carrier's failure to show the termination of the contract of coverage at the hearing before the referee. Section 19 of the Labor Law (Cons. Laws, ch. 31) provides that the decision of the referee on such a claim shall be deemed the decision of the Industrial Board from the date of the filing thereof in the department unless the Industrial

Board on its own motion or on application duly made to it modify or rescind such decision. Section 23 of the Workmen's Compensation Law (Cons. Laws, ch. 67) provides for an appeal from the award or decision of the referee, on which appeal the Industrial Board may review, modify or rescind the decision of the referee. Section 123 of the Workmen's Compensation Law provides that the power and jurisdiction of the department over each case shall be continuous and rules 13 and 14 of the Rules of the Industrial Board provide, in effect, that the Board may, upon application, take further testimony and may, upon the record, affirm, reverse or modify any decision of the referee as the law and the facts may require. There is authority in these sections and rules to take new evidence after the referee has made his decision and make a determination thereon. (*Hio* v. *Younglove Casket Co.*, 206 App. Div. 633.)

The present case, directly against the insurance carrier, also lacks other features of estoppel present in the *Gerka* case, cited by the Appellate Division.

In the present case the defense of non-coverage is offered in the original proceeding for an award while the adjudication of the claim was still within the jurisdiction of the Industrial Board.

The order of the Appellate Division should be reversed and the determination of the State Industrial Board affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Ordered accordingly.