In the Matter of the Judicial Settlement of the Account of Proceedings of D. HUMES MCLAUGHLIN and ADELAIDE J. FLYNN, as Executors of THOMAS J. MCLAUGHLIN, Deceased.

THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES and CORN EXCHANGE BANK TRUST COMPANY, Appellants; D. HUMES MCLAUGHLIN and ADELAIDE J. FLYNN, as Executors of THOMAS J. MCLAUGHLIN, Deceased, Petitioners, Respondents; MARTHA W. MCLAUGHLIN, as Executrix, etc., of CHARLES R. MCLAUGHLIN, Deceased, and GLADYS McL. NOCKIN, Respondents.

First Department, April 2, 1942.

*James D. Ewing* of counsel [*William R. McDermott* with him on the brief; *Alexander & Green*, attorneys], for The Equitable Life Assurance Society of the United States, appellant.

*Albert Falck* of counsel [*Joseph W. Kirkpatrick* with him on the brief; *Spence, Windels, Walser, Hotchkiss & Angell*, attorneys], for the Corn Exchange Bank Trust Company, appellant.

*Sidney A. Clarkson* of counsel [*Bernard Cahn, Alfred Rathheim* and *Thomas C. Fogarty* with him on the brief], *Hovell, Clarkson & Klupt*, attorneys for the petitioner, respondent, D. Humes McLaughlin. *Rosenson & Lorence*, attorneys for the petitioner, respondent, Adelaide J. Flynn. *Buchter, Rathheim, Abrams & Holz*, attorneys for the respondent, Martha W. McLaughlin, as executrix, etc. *Winthrop, Stimson, Putnam & Roberts*, attorneys for the respondent, Gladys McL. Nockin.

CALLAHAN, J. Upon the settlement of the account of the executors of Thomas J. McLaughlin, deceased, there was sub-

mitted to the surrogate a claim asserted by The Equitable Life Assurance Society of the United States for $13,692 with interest, which was disputed by the executors.

The claim arose in the following manner: One Charles R. McLaughlin, a son of Thomas J. McLaughlin and his residuary legatee, had procured a life insurance policy from the Equitable for $100,000, giving his date of birth as March 3, 1880. It was established upon the trial that his true date of birth was March 3, 1878. The policy provided that if the age of the insured had been misstated, any benefits accruing under the policy were to be adjusted to correspond to those which would accrue under a similar policy which the premium paid would have purchased at the usual rates.

Charles R. McLaughlin died on July 4, 1939. Thomas J. McLaughlin had died in 1938.

At the time of his death Charles R. McLaughlin was indebted to the Corn Exchange Bank Trust Company in the sum of $130,028.38. Part of that sum represented a note of T. J. McLaughlin Sons which had been indorsed by Charles R. McLaughlin. The balance represented individual obligations of Charles R. McLaughlin. The insurance policy referred to above had been assigned to the Corn Exchange Bank as collateral for these loans. In addition, the bank held other collateral consisting of certain securities deposited by Charles R. McLaughlin, and others deposited by Thomas J. McLaughlin. Thomas J. McLaughlin had also delivered to the bank his personal guaranty of Charles R. McLaughlin's indebtedness up to $60,000. Thomas J. McLaughlin was also indebted to the bank on his own account.

After the death of Charles R. McLaughlin, the insurance company paid the face amount of the policy, plus a small dividend, to the Corn Exchange Bank. The bank credited the amount received against the loan of Charles R. McLaughlin. In addition the bank sold the collateral of Charles R. McLaughlin, other than a small portion thereof which was claimed by a third person, one Moorehead. The sums thus received, together with a small amount of cash paid by the estate of Thomas J. McLaughlin, fully discharged the indebtedness of Charles R. McLaughlin to the bank and the latter thereupon returned to the executors of Thomas J. McLaughlin the remainder of the collateral deposited by their testator, or its proceeds, and canceled the guaranty executed by the testator. This was only done, however, after discovery proceedings had been initiated by the executors of Thomas J. McLaughlin against the bank, and after a dispute concerning the ownership of the collateral claimed by the third

party, Moorehead, had been adjusted by an agreement of settlement. Moorehead is not a party to this appeal. After all these steps had been taken the insurance company, for the first time, presented its claim for restitution of the excess insurance moneys.

The bank and the insurance company were cited on the accounting proceedings herein. The insurance company demanded that the excess paid be allowed as a valid claim against the accounting executors. The bank in its answer demanded that the amount of the alleged excess be allowed as a contingent claim. It asserted the right to be reimbursed by the executors if it was held liable to the insurance company. All parties submitted their claim to the surrogate, without raising any issue concerning jurisdiction.

The surrogate denied the claim of the insurance company for restitution, on the authority of *New York Life Insurance Company* v. *Guttenplan* (259 App. Div. 1004; affd., 284 N. Y. 805), holding that that case, and the earlier decision in *National Life Ins. Co.* v. *Minch* (53 N. Y. 144), established the rule of law that in the absence of fraud an insurance company might not obtain restitution after it had paid the sums provided by the policy; that the time for asserting such a claim is before payment; and that the company will be deemed to have waived any such defense. We find that the *Guttenplan* case (*supra*) is not controlling here, for the decision therein rested largely on the determination of a question of fact concerning the existence of any misrepresentation by insured. Nevertheless, we affirm the decree appealed from. We do so solely because we find that the positions of the bank and the executors have so changed since the receipt of the insurance moneys that it would be inequitable to require them to return any part thereof. As the claim of the insurance company is in the nature of one for money had and received, it is to be governed by equitable principles. Although the insurance company claims that at the time it paid the money it had no knowledge of the fact that Charles R. McLaughlin was older than he had stated in his application, it appears that in the application the insured referred to other insurance in designated companies, where the correct date of birth had been given by him. The company made no investigation concerning the contents of these other policies, but paid to the bank the full amount specified in the contract. The contention is made that the *Minch* case (*supra*) has been overruled by implication by later decisions of our Court of Appeals. (*Pink* v. *Title Guarantee & Trust Co.*, 274 N. Y. 167; *Apter* v. *Equitable Life Assurance Society*, 246 App. Div. 654; affd., 271 N. Y. 653; *Schleider* v. *Maryland Casualty Co.*, 226 App. Div. 50; affd., 252 N. Y. 598.) We find it unnecessary to pass on this

contention. Assuming, without deciding, that the claim of the insurance company to recover money paid under a mistake of fact might be enforcible if it were not for the equities referred to herein, and that *National Life Ins. Co.* v. *Minch* (*supra*) is no longer a controlling authority to the contrary, we, nevertheless, find that the equitable considerations mentioned require us to disallow the present claim.

The decree, so far as appealed from by the Corn Exchange Bank Trust Company, should be modified so as to provide that judgment be awarded in its favor against the Equitable Life Assurance Society of the United States on the merits; and, as so modified, the decree should be in all respects affirmed, with costs to the Corn Exchange Bank Trust Company and the respondents against the appellant, The Equitable Life Assurance Society of the United States.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Decree, so far as appealed from by the Corn Exchange Bank Trust Company, unanimously modified so as to provide that judgment be awarded in its favor against The Equitable Life Assurance Society of the United States on the merits, and as so modified in all respects affirmed, with costs to the Corn Exchange Bank Trust Company and the respondents against the appellant, The Equitable Life Assurance Society of the United States. Settle order on notice.