LENA SCHWARTZ, Respondent, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

First Department, May 21, 1943.

*James D. Ewing* of counsel (*William R. McDermott* with him on the brief; *Alexander & Green,* attorneys), for appellant.

*Morton Miller* of counsel (*Miller and Miller,* attorneys), for respondent.

DORE, J. Plaintiff, assignee of her husband Louis Schwartz, sues to recover from defendant $250 as monthly disability income installments claimed under two policies of life insurance issued by defendant on her husband's life and containing disability provisions. Plaintiff in the first cause of action claims a $50 installment, and in the second a $200 installment, both due and payable on April 15, 1942. Defendant does not contest that the policies were outstanding when the disability occurred and does not deny the insured's total disability.

The only issues raised at the trial in the Municipal Court were under defendant's total and partial defenses with respect to a claimed error in the insured's age. Defendant in two partial defenses asserted that by reason of such misstatement the disability payment for April, 1942, under the first cause of action was $48.24 instead of $50, and under the second $192.94 instead of $200. Defendant also set up as a complete defense its prior overpayments of monthly disability income installments in a sum in excess of the amount sought to be recovered by plaintiff in this action, and sought to have such overpayments applied against the amount of current monthly disability installments.

The trial court submitted to the jury the issue whether insured was born in 1883 as plaintiff claimed or in 1882 as defendant claimed. The jury returned in defendant's favor an unanimous verdict which the court later set aside on plaintiff's motion and granted plaintiff judgment for $250 with interest and costs as a matter of law on the authority of *New York Life Ins. Co.* v. *Guttenplan* (30 N. Y. S. 2d 430 [not otherwise reported], affd. 259 App. Div. 1004, affd. 284 N. Y. 805). The Appellate Term unanimously affirmed, and this court granted defendant's application for leave to appeal.

Although the evidence fully sustained the jury's verdict on the facts, we think as a matter of law the trial court properly struck out the complete defense, but we hold that the court erred in striking defendant's partial defenses.

The disability herein occurred in 1931; the insured assigned the disability income payments to plaintiff in June, 1934. From October 15, 1931, defendant paid all disability payments and at no time raised any claim of error or mistake of age until the April 15, 1942, installment, when it refused payment claiming for the first time that the age had been misstated in that the insured was in fact born in 1882 instead of 1883 as stated.

It must be noted that in this action defendant makes no claim of fraud; that issue was not raised and is not presented. The courts have repeatedly held that in the absence of fraud an insurance company which executes its contract by paying the amount specified cannot thereafter recover such payment on the ground that it subsequently discovered facts justifying withholding payment. (*New York Life Ins. Co.* v. *Guttenplan, supra; National Life Ins. Co.* v. *Minch,* 53 N. Y. 144, 151; *Matter of McLaughlin,* 263 App. Div. 595, affd. 289 N. Y. 738.)

In *National Life Ins. Co.* v. *Minch* (*supra*) the court said: '' A policy of insurance is an executory contract. The time for insisting upon the breach of any warranty contained in the original application was when the claim was made for the execution of the contract. Mere ignorance of a fact which might have enabled the company to defend an action upon the policy on account of such breach is not such a mistake of fact as will enable it to recover back the money. It will be presumed that the company either knew the fact or intended to waive any such defence, and voluntarily paid the money. Otherwise there would be no end to controversy and litigation, and the party receiving the money would hold it subject to a lawsuit until the Statute of Limitations intervened.''

In the *Guttenplan* case the court at Trial Term based its decision on the principle of law above stated; this court and the Court of Appeals affirmed.

In the *Matter of McLaughlin* (*supra*) the judgment was affirmed in the Court of Appeals upon the ground " that the insurer, by the payment of death benefits due under its contract of insurance, must be deemed to have waived all questions of law or fact, except fraud, relating to the contract and which, by the exercise of reasonable inquiry, might have been raised at the time of such payment or prior thereto."

Seeking to distinguish the cases cited and to sustain both the partial and complete defenses, defendant points out that in those cases the insurer had paid death benefits in the amount specified in the policy and had completely discharged its liability, whereas here the claim for disability is still pending, the defense of overpayment is not made against one who received in good faith and disposed of the payments made by the insurer, and the contract has been executed only in part. This is true as to the partial defenses against the claim to the current April, 1942, installment. It cannot be true as to the complete defense which seeks recoupment to the full amount of overpayments made in the past against accruing disability installments. The indebtedness sued upon herein arose in April, 1942. The overpayments pleaded as a complete defense against this indebtedness were all made long before that date. Since 1934, defendant had paid to plaintiff as assignee under both policies ninety-five monthly installments, a total of $23,500. Defendant says that on the insured's true age the aggregate amount of its liability for the period in question was only $22,670.92, and that therefore its payments exceeded its liability by $829.09 and it may set off that amount against the installments accruing and to accrue. But here, as in the cases cited, we are dealing so far as the complete defense is concerned, with an executed not an executory contract. The complete defense is bad.

That rule on the facts in this record does not apply to the partial defenses which relate to claims for current disability installments not yet paid. In asserting the partial defenses against such payments defendant is standing on the terms of the contract which provides pursuant to subdivision 4 of section 101 of the Insurance Law of 1909 [see Insurance Law of 1939, § 155, subd. (d)]: " Age. If the age of the Insured has been misstated any amount payable under any of the provisions of this contract, shall be that amount which the premium charged would have purchased at the Society's rates in use at

the register date hereof for the Insured's correct age.'' Accordingly, the partial defenses based upon the established erroneous (but not fraudulent) misstatement of age is available to the insurer on installments not yet paid under the age adjustment clause.

In a prior action in 1938 between these parties under the same policies to recover disability payments plaintiff had judgment and defendant did not then raise the error of age. We think that the prior action is not *res judicata;* there is no proof that the evidence was then known by or available to defendant; that judgment is conclusive only on the issues litigated.

In view of our conclusion on the main issue it is unnecessary to consider other points raised.

The determination of the Appellate Term should be modified by granting judgment in plaintiff's favor on the first cause of action for $48.24 and on the second for $192.94, totaling $241.18 with interest and costs, granting plaintiff's motion to dismiss the complete defense, but denying plaintiff's motion to strike out the partial defenses, and the judgment and order of the Municipal Court should be so modified, and such determination, judgment and order, as so modified, should be affirmed, without costs in this court.

Cohn, J. (dissenting in part). I concur in the opinion of the majority to the extent that it holds the partial defenses to be good. However, I think that the complete defense interposed by defendant to both causes of action should also be sustained. Plaintiff relies upon *New York Life Ins. Co.* v. *Guttenplan* (30 N. Y. S. 2d 430 [not officially reported], affd. 259 App. Div. 1004, affd. 284 N. Y. 805) and cases there cited to uphold her contention that defendant insurance company cannot under any circumstances ever assert as a defense its conceded overpayments to plaintiff. True, it is now the settled law that an insurance company may not, where the insurance contract is fully executed, recover from a beneficiary any sums theretofore paid by mistake. However, defendant in its complete defense is simply claiming that it has overpaid plaintiff on previous disability installments under continuing contracts of insurance and that it is entitled to offset such overpayments against the amounts which have become due under the same policies for the month of April, 1942.

The exemption provision in section 166 of the Insurance Law of 1939 upon which plaintiff relies runs solely to the insured and is confined to debts or liabilities of the insured. In the instant

case the disability benefits are payable to the plaintiff, the insured's assignee, and the debt for which recoupment is sought is a debt not of the insured but of the assignee.

The order of the Appellate Term and the judgment and order of the Municipal Court should be reversed, the verdict for defendant reinstated and judgment directed in favor of the defendant dismissing the complaint.

MARTIN, P. J., TOWNLEY and UNTERMYER, JJ., concur with DORE, J.; COHN, J., dissents in part, with opinion.

Determination of the Appellate Term modified by granting judgment in plaintiff's favor on the first cause of action for $48.24 and on the second for $192.94, totaling $241.18 with interest and costs, granting plaintiff's motion to dismiss the complete defense, but denying plaintiff's motion to strike out the partial defenses, and the judgment and order of the Municipal Court are so modified, and such determination, judgment and order, as so modified, are affirmed, without costs in this court. Settle order on notice.