NEW YORK LIFE INSURANCE COMPANY, Respondent, *v.* JOHN O. VEIT et al., as Executors of GEORGE E. BRADBROOK, Deceased, Appellants.

First Department, May 5, 1944.

*Walter L. Post* of counsel (*Harlan S. Perrigo,* attorney), for appellants.

*Earle S. MacArthur* of counsel (*Ferdinand H. Pease,* attorney), for respondent.

COHN, J. In applying for the life insurance policy issued by plaintiff, the insured, Minnie A. Bradbrook, stated her age to be forty-six years when it is claimed she had passed her sixty-second birthday. Unaware of the insured's true age at the time of her death, plaintiff paid to the beneficiary of the policy the face value thereof.

The plaintiff insurance company, asserting that the insured fraudulently misrepresented her age, seeks to recover the difference between the amount of insurance the premiums would have paid for, at the correct age and the sum which it actually paid to the beneficiary. Pursuant to statutory mandate [Insurance Law, § 155, subd. 1, par. (d), formerly § 101, subd. 4] the policy contained a clause providing for such an adjustment where the age of the insured had been misstated.

As the contract of insurance had been fully executed, plaintiff, the insurer, in the circumstances of this case, could not thereafter recover any portion of the sum so paid. The law is now settled that in the absence of fraud an insurance company which executes its contract by payment of the amount specified in a policy cannot later recover such payment or any portion thereof on the ground that it subsequently has discovered facts which would have justified it in withholding the payment. (*Matter of McLaughlin,* 289 N. Y. 738; *Schwartz* v. *Equitable Life Assurance Society,* 266 App. Div. 231, affd. 291 N. Y. 770; *New York Life Ins. Co.* v. *Guttenplan,* 30 N. Y. S. 2d 430, affd. 259 App. Div. 1004, affd. 284 N. Y. 805.)

An insurance company is under a duty to investigate the facts upon which its liability to pay depends before making

payment under the policy. Once payment of the principal sum of the policy is made, in the absence of fraud in procuring the policy or fraud practiced in obtaining the money, such payment may not thereafter be recovered. " Otherwise there would be no end to controversy and litigation, and the party receiving the money would hold it subject to a lawsuit until the Statute of Limitations intervened. * * *." (*National Life Ins. Co.* v. *Minch,* 53 N. Y. 144, 151; see, also, *Smith* v. *Glens Falls Insurance Co.,* 62 N. Y. 85, 87.)

Viewing the evidence adduced upon the trial in a light most favorable to plaintiff, all that it established was a misstatement of age by the insured. No fraud on her part in the procuring of the contract was established.

The other ground for recovery which might have been asserted by the insurer would be fraud upon which the money was paid and the contract executed. (*Mutual Life Ins. Co. of New York* v. *Wager,* 27 Barb. 354, 367; *National Life Ins. Co.* v. *Minch, supra,* p. 151.) Such fraud is not claimed by plaintiff. There is not even a suggestion that the beneficiary when receiving the alleged overpayment had fraudulently concealed the fact that the insured had misstated her age or that at any time he had the slightest knowledge that the age stated by the insured was not her correct age.

As plaintiff failed to show fraud relating to the contract with respect to the alleged overpayment, " the insurer, by the payment of death benefits due under its contract of insurance, must be deemed to have waived all questions of law or fact " (*Matter of McLaughlin, supra,* p. 739). Plaintiff failed to make out a case and its complaint should have been dismissed upon the merits.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

DORE, J. (dissenting). May an insurance company, after full payment on the insured's death to the beneficiary of a life insurance policy, thereafter recover part of such payment on discovering that the insured in procuring the policy fraudulently understated her age by sixteen years? The judgment appealed from entered on a jury's verdict in favor of the insurance company answers that question in the affirmative. Defendants, executors of the beneficiary, appeal.

The complaint charges that one Minnie A. Bradbrook in 1923 made written application to plaintiff for insurance on her life, representing she was born on March 18, 1877, and was forty-six years of age at the time, whereas in truth the age and date of

birth were both false as she was born March 18, 1861, and was then sixty-two years of age, not forty-six, and fraudulently concealed her age to induce plaintiff to issue the policy. Without notice of the falsity, plaintiff on the insured's death in 1940 paid the beneficiary, the insured's husband, George E. Bradbrook; $9,934.81 more than he was entitled to receive under the statutory clause in the policy providing that if the age is misstated the amount payable shall be such as the premium paid would have purchased at the correct age. [Insurance Law, § 155, subd. 1, par. (d).] Plaintiff sues the executors of the beneficiary for restitution.

The proof adduced at the trial by documentary evidence and the testimony of the insured's own daughter and niece established in my opinion that the insured in the application for the policy had fraudulently misrepresented her age by sixteen years.

The Trial Justice submitted the issue to the jury in a main charge to which no exception was taken. At plaintiff's request the trial court then charged without exception by defendants that the insured intended the company to rely on her representation as to age and date of birth, that the company did so rely and if the insured misstated her age " she was guilty of falsehood and actionable fraud." Thereupon at plaintiff's further request the trial court charged " that where a party represents a material fact to be true when he knows it to be false, he is guilty of falsehood and if the statement is thus made with the intention that it should be acted upon by another who does so to his injury, the result is actionable fraud." Defendants' counsel took no exception to that charge unless it was intended " that the question of whether or not there was fraud was a question of law and not for the jury " and thereupon he asked the following charge: " I think the question of whether there was fraud here is one of the questions the jury has to pass upon. The Court: I have left all the questions of fact to the jury." The charges thus made without exception by defendants remove any question whether the issue of fraud with all its essential elements was properly submitted to the jury, and constitute the law of the case.

The jury rendered a unanimous verdict in plaintiff's favor for the sum demanded — viz., $9,934.81. The Trial Justice denied defendants' motion to set aside the verdict and added " I think the verdict is well supported by the evidence." Agreeing with this conclusion of the trial court, I cannot concur that fraud was not established. On this record no other inference could be reached by jurors who had regard for their oath. It strains

credulity beyond the breaking point to ask one to believe that a woman who on application for insurance misstates in writing both her age and date of birth by sixteen years did so inadvertently. In any event, by the law of the case defendants are precluded from raising here issues barred by the charge to which no exception was taken when the case was submitted to the jury.

This court recently unanimously affirmed an order denying defendants' motion to dismiss this complaint for insufficiency. (*New York Life Ins. Co.* v. *Bradbrook*, 263 App. Div. 982.) Defendants' briefs on that prior appeal urged that the insurance company having executed the contract cannot recover except for the fraud of the *beneficiary;* and that plaintiff was under a duty to examine the claim before payment and might not recover after the contract had been fully executed on the insured's death. It was also urged that plaintiff, seeking to upset the executed contract, inconsistently affirmed the contract and thus waived the fraud and at the same time asked that the insured be found guilty of fraud in obtaining the contract. By our affirmance we necessarily overruled these points of law and held that if plaintiff proved the fraud charged it was entitled to recover.

Fraud on the part of the insured in misstating his age was also alleged in two other recent cases; the judgment required restitution of payments made by the insurer without knowledge of such fraud, and this court unanimously affirmed. (*Travelers Ins. Co.* v. *Katz* and *Katz* v. *John Hancock Mutual Life Ins. Co.*, 263 App. Div. 797.)

None of the cases relied on by appellants requires reversal. In *Schwartz* v. *Equitable Life Assurance Society* (266 App. Div. 231, affd. 291 N. Y. 770); *New York Life Ins. Co.* v. *Guttenplan* (284 N. Y. 805) and *Matter of McLaughlin* (289 N. Y. 738) no fraud was claimed or alleged and this was expressly adverted to in the opinions. Thus, in *Matter of McLaughlin,* the Court of Appeals in its memorandum of affirmance said: `` * * * that the insurer, by the payment of death benefits due under its contract of insurance, must be deemed to have waived all questions of law or fact, *except fraud, relating to the contract* and which, by the exercise of reasonable inquiry, might have been raised at the time of such payment or prior thereto (*National Life Ins. Co.* v. *Minch,* 53 N. Y. 144, 151; *Mutual Life Ins. Co.* v. *Wager,* 27 Barb. 354, 368, 369; and see Couch Cyclopedia of Insurance Law, vol. 8, § 1954, p. 6497.'' (Italics mine.)

In *National Life Ins. Co.* v. *Minch* (53 N. Y. 144, 151) after stating that mere ignorance will not enable the insurer to recover back money paid; that it will be presumed the company knew the fact or intended to waive the defense, and that otherwise there would be no end to controversy and litigation, the court expressly restricted the ruling to cases not involving fraud when it held: " This rule has no application *except in the absence of fraud* in procuring the policy and of fraudulent representations made to obtain the money, which were designed to, and did have, the effect of preventing inquiry." (Italics mine.)

Plaintiff is not contesting or repudiating the policy, but is insisting on enforcement in accordance with the policy's terms. (*Edelson* v. *Metropolitan Life Insurance Co.*, 95 Misc. 218, 220–221 [App. Term, 1st Dept.] ; *Grenis* v. *Prudential Insurance Co.*, 154 Misc. 867; *Murphy* v. *Travelers' Insurance Co.*, 134 Misc. 238; *Columbian Nat. Life Ins. Co.* v. *Black*, 35 F. 2d 571, 577 [C. C. A., 10th Circuit] ; *Sipp* v. *Phila. Life Ins. Co.*, 293 Penn. St. 292 [Supreme Court, Penn.]; *Equitable Life, etc., U. S.* v. *Rothstein*, 122 N. J. Eq. 606.)

The beneficiary would be unjustly enriched by payment in excess of the amount the premium bought at the proper age. In receiving proceeds of the insured's fraud, the beneficiary must be deemed to have adopted the method by which it was procured. (*Green* v. *des Garets*, 210 N. Y. 79.) To reverse the jury's finding can have no other effect than to encourage the type of fraud here established, the unjust enrichment of beneficiaries who profit thereby, and discrimination against other life insurance policyholders in violation of law. (Insurance Law, § 209.) In *Pink* v. *Title Guarantee & Trust Co.* (274 N. Y. 167, at p. 173) the Court of Appeals, sustaining a complaint for restitution of payments procured through fraud, said: " Independent of any statute, form of action or legal nomenclature, the obligation to do justice rests upon all persons, natural or artificial, and the law will compel restitution from a person who obtains money or property from another fraudulently, unjustly, or without authority. (*Marsh* v. *Fulton County*, 10 Wall. [U. S.] 676, 684; *Salt Lake City* v. *Hollister*, 118 U. S. 256, 263; *Louisiana* v. *Wood*, 102 U. S. 294; *Ward* v. *Love County*, 253 U. S. 17, 24.). It is for the purpose of compelling restitution that this action is brought."

Accordingly, I dissent and vote to affirm.

MARTIN, P. J., and UNTERMYER, J., concur; DORE, J., dissents and votes to affirm; CALLAHAN, J., taking no part.

Judgment reversed, with costs, and the complaint dismissed, with costs.