Alexander Salottolo, J.
Plaintiff was the workmen’s compensation insurance carrier for E. M. Printing Co., in which the defendant was a partner. On April 8, 1958, while at work, the defendant was injured and a C-2 form (employer’s report of injury) was filed which stated that the defendant was employed by the E. M. Printing Co., earned $125.50 per week and described his employment when injured. This C-2 form was signed by the plant foreman. The defendant thereafter received cash benefits of $648 and medical services for which the plaintiff paid out $391.01, a total of $1,039.01.
The first decision and award in favor of the defendant by the Referee in workmen’s compensation was made and filed on May 3, 1960, after all payments had been made by the carrier. At the hearing held on April 29, 1960, which resulted in the award, no effort was made by the plaintiff to resist defendant’s claim on the ground of noncoverage of a partner under workmen’s compensation. On August 3, 1960, a second decision and award was made from which the carrier appealed, asserting noncoverage by reason of the employee being a partner. On December 7, 1960, the Workmen’s Compensation Board reversed the Referee’s decision and disallowed the claim on the ground that a partner is not covered under the Workmen’s Compensation Law.
The carrier sues here for return of the payments made, with interest from December 7, 1960. The oral complaint reads as follows: ‘ ‘ Action to recover the sum of $1039.01 |>aid to defendant under erroneous decision of Workmen’s Compensation Board. Payment duly demanded and refused.” The defendant interposed an answer consisting of a general denial, res judicata, estoppel, laches and waiver.
The gist of the oral complaint and argument is an action for money had and received which, though an action at law, is governed by equitable principles and will be treated as such here. This action is liberal in form and favored by the courts. The generally accepted test which determines whether recovery may be had is whether the defendant in equity and good conscience is entitled to retain the money to which plaintiff asserts its claim.
An exhaustive search has uncovered not one single case in point in any jurisdiction nor any reported decision in New York where an insurer sued for the return of an award paid out in *945 workmen’s compensation, although case law is abundant where money was paid out under mistake of fact pursuant to other forms of insurance contracts. Concededly, the plaintiff paid out moneys to and on behalf of the defendant under a mistake of fact, that is, under the mistaken belief that the defendant was in fact an employee of E. M. Printing Co., as was set forth in the employer’s report of injury. The defendant could not claim to be both employer and employee. Nor is it within the contemplation of the Workmen’s Compensation Law that a partner may become the employee of one of his associates and occupy the inconsistent position of employer and employee (Matter of Lyle v. Lyle Cider & Vinegar Co., 243 N. Y. 257).
The defendant argues that this being an insurance contract and the insurer having paid out thereunder, the contract is executed and the insurer cannot now be heard to recover the moneys paid out, nothwithstanding that payment was made under a mistake of fact.
Defendant in his brief urges on the court several cases in support of the proposition that in the absence of a fraud an insurer which executes a contract of insurance by paying out a claim cannot thereafter recover back such payments on the ground of subsequently discovered facts which would have justified withholding payment, since the insurer is under a duty to investigate the facts, citing New York Life Ins. Co. v. Guttenplan (259 App. Div. 1004, affd. 284 N. Y. 805); Eifert v. United States Fid. & Guar. Co. (261 App. Div. 1081, affd. 287 N. Y. 639) and Schwartz v. Equitable Life Assur. Soc. (266 App. Div. 231, affd. 291 N. Y. 770). The cases cited by the defendant hold that payment of a claim under a policy executes the contract and bars a recovery of payments made under a mistake of fact, otherwise there would be no end to litigation and the party receiving the money would hold it subject to a lawsuit until the Statute of Limitations expired.
While it is true that a policy of insurance is an executory contract which is executed upon the insurer paying out a claim, while it is also true that the law as stated in the cited cases is well established, these rules of law are not applicable here. A keen distinction exists between a mistake of fact which goes to the formation of a contract and one which attends the payments of a loss thereunder.
In Mutual Life Co. of N. Y. v. Wager (27 Barb. 354, 367) the court stated: “A distinction must be taken between the misrepresentation or ignorance of a fact attending the loss upon which the money was paid and the contract executed, andj the misrepresentation or ignorance of an original fact which induced *946 the making of the contract ’ ’ holding in conclusion that a recovery of payments could be had where the mistake was one attending the loss for which payment was made rather than a mistake by the insurer which induced it to enter the contract. The cases cited by the defendant fall into the latter class.
Reiterating the rule of Mutual Life Ins. Co. v. Wager (supra) the Appellate Division, Fourth Department in Alliance Assur. Co. v. McNamara (279 App. Div. 978) stated: “ This case and others which follow the rule in Mutual Life Ins. Co. of New York v. Wager (27 Barb. 354) are not applicable to the facts here presented. The mistake in this case was one which did not go to the formation of the contract between the parties but was a mistake on the part of the plaintiff in believing that the policy was in force and effect when it made the payment. In such case, the party acting under a mistake of fact may recover what was paid, provided that, by its action, it has not placed the other party in a changed position to his detriment. ’ ’
There is no evidence in this record that the defendant’s position has changed to his detriment. In the American Law Reports (vol. 167, p. 472) it is stated: “ The legal principles which the courts formulate as the basis of their holdings in cases involving the right of an insurer to restitution of payments made under a mistake are relatively simple and fairly well settled. They can be stated as follows:
“ (1.) An insurer who made a payment under a mistake of fact may, as a rule, recover such payment, even if its mistake was due to its lack of care, unless the payee has so changed his position that it would be unjust to require a refund.”
New York cases supporting this view are Gibbons v. Perkins (132 Misc. 583); Masonic Life Assn. v. Crandall (9 App. Div. 400); Schleider v. Maryland Cas. Co. (226 App. Div. 50, affd. 252 N. Y. 598). Lack of care does not bar restitution (see National Life Ins. Co. v. Jones, 1 Thomp. & C. 466, affd. 59 N. Y. 649).
The court finds that plaintiff may recover the payments made under a mistake of fact, a mistake which defendant helped to bring about by the statement set forth in the filed 0-2 form. It is true that the carrier may have used more diligence before making payment, but this does not bar its recovery. See Nussbaum v. Rialto Security Corp. (238 App. Div. 257, 258) in which it was stated: “ plaintiff’s carelessness in paying the money to defendant, appellant, does not stand in the way of his recovery of money paid by mistake to one who had no right to retain it. ’ ’ (See, also, Mayer v. Mayor etc. of City of N. Y., 63 N. Y. 455; Matter of Earned, 149 Misc. 476.) This is nothing more than an *947 application of the principle underlying restitution for a mistake, that restitution is granted only where it is equitable to do so, and especially so in this instance, where the defendant forced the mistake by his own statements.
As to the remaining defenses of res judicata, estoppel, laches and waiver, as far as can be gleaned from the memoranda submitted the defendant’s contention can be summed up as follows:
1. That there were no payments made under an erroneous decision of the Workmen’s Compensation Board as alleged in the plaintiff’s oral complaint, since all the payments were made prior to the board’s decision, and accordingly the plaintiff has failed to sustain that allegation of the complaint.
2. That the plaintiff failed to take an appeal from the decision, an award of the Referee dated May 3, 1960.
3. That section 23 of the Workmen’s Compensation Law required the plaintiff to appeal within 30 days from the filing of the first award.
4. Section 22 of the Workmen’s Compensation Law.
As to point 1, the court holds that the oral complaint is sufficient and encompasses the payments made prior to any Referee’s decision though all payments here antedated the hearing, a situation not uncommon under the workmen’s compensation procedure, where the filing of a C-2 form will ordinarily initiate the flow of benefits prior to any hearing. As to points 2 and 3, the Workmen’s Compensation Board had continuing jurisdiction over the claims made and has a right to consider the issue of noncoverage and new evidence, though first raised by the carrier at the second hearing. (Workmen’s Compensation Law, §§ 23, 123; see, also, Matter of Levine v. Comet Painting & Decorating Co., 284 N. Y. 359.) In addition, the latter two arguments, if available to the defendant at all, would be more properly asserted while the matter was before the Workmen’s Compensation Board and have little weight here. As to point 4, section 22 of the Workmen’s Compensation Law is urged by defendant as a bar to plaintiff’s recovery. It reads in part: “ Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions or proof of erroneous wage rate, the board may * * * review any award * * * No such review shall affect such award as regards any money already paid. ’ ’
While the court has not found any cases construing this section in a situation such as we have before us, it is inclined to the view that this prohibition comes into play only when the following are first shown, to wit, a change in conditions or proof of erroneous wage rate. The court does not hold it to be applicable *948 to this situation, where neither is present and where the award made was improper in its inception (see Matter of Schaefer v. Buffalo Steel Car Co., 250 N. Y. 507). A general reading of the Workmen’s Compensation Law, and particularly sections 114, 220 (subd. 3) and 326, all of which make misrepresentation in making claims a misdemeanor, reinforce the court’s view that the Legislature never intended section 22 to bar a suit in a situation such as we have before us.
Judgment for the plaintiff in the amount of $1,031.01, with interest as demanded.