CITY OF SAN ANTONIO et al.

v.

STATE ex rel. CRINER et al.

No. 10274.

Court of Civil Appeals of Texas.

Austin.

July 21, 1954.

Rehearing Denied Aug. 7, 1954.

Ralph W. Brite, City Atty., J. Frank Norton, Asst. City Atty., San Antonio, for appellants.

Austin F. Anderson, Criminal Dist. Atty., G. Bert Smith, Jr., Harvey L. Hardy, San Antonio, for appellee.

PER CURIAM.

On the 25th day of September, 1952, the City of San Antonio, by ordinance, annexed approximately 79 square miles of additional territory, the validity of which ordinance was sustained in State ex rel. Winn v. City of San Antonio, Tex.Civ. App., San Antonio, 259 S.W.2d 248, writ of error refused, n. r. e.

On August 11, 1953, the City of San Antonio, by ordinance, detached approximately 65 square miles of the territory which had been annexed on September 25th of the previous year. The validity of this latter ordinance is the question presented by this appeal.

The nature of this suit is a quo warranto on behalf of the State by Austin F. Anderson, Criminal District Attorney of Bexar County, joined by H. J. Criner and wife, John Massey and wife and John E. Young and wife. The City of San Antonio, a home rule city, and members of the city council were respondents.

The judgment of the trial court was summary and invalidated the ordinance.

While numerous questions are presented we have concluded that this case is controlled by the application of Art. 1266, Vernon's Annotated Civil Statutes, which we quote in full:

"Whenever there exists within the corporate limits of any city in this State of 150,000 or more population according to the preceding Federal census located in a county having a population according to such census in excess of 205,000, whether such city was organized by special law, home rule charter, or general laws of this State, territory to the extent of at least three acres contiguous, unimproved and adjoining the lines of any such city, the governing body of any such city may, by ordinance duly passed, discontinue said territory as a part of any such city. When said ordinance has been duly passed, the governing body shall cause to be entered

an order to that effect on the minutes or records of such city; and from and after the entry of such order, said territory shall cease to be a part of such city."

It is undisputed that the territory detached by the ordinance in question is inhabited by approximately 20,000 people, that it has many permanent improvements including water mains, electric power and telephone lines, gas mains, paved streets, sewer lines and many residential and business houses.

■ Appellants challenge the constitutionality of Art. 1266 on the ground that it violates Section 56, Art. III of the State Constitution, Vernon's Ann.St., which provides, in part, that the Legislature cannot pass any local or special law regulating the affairs of cities and in the alternative contend that if such statute be valid that the area in question is unimproved within the meaning of Art. 1266.

In our opinion neither of appellants' points can be sustained.

Art. 1266 as originally enacted in 1923, Acts 38th Leg., 3rd C.S., p. 166, was identical with the present statute except that it applied to cities of the population stated according to the United States Census of 1920. However in the codification of 1925 this language was omitted and the population bracket fixed by the statute was referable to the preceding Federal census which under Section 8 of Art. 23, V.A.C.S., includes each subsequent census as it occurs. In 1923 the City of Dallas was the only city which fell within the population bracket fixed by this statute. Since such time however the cities of San Antonio, Fort Worth and Houston have grown into such bracket. It is therefore an established fact that this statute has elasticity and is not one which could never apply to a city not qualified at the time of the passage of the statute.

In Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000, 1002, the Supreme Court said:

"Resort to population brackets for the purpose of classifying subjects for legislation is permissible where the spread of population is broad enough to include or segregate a substantial class, and where the population bears some real relation to the subject of legislation and affords a fair basis for the classification."

In Bexar County v. Tynan, 128 Tex. 223, 97 S.W.2d 467, 469, (Comm.App., Sec. A), the Court said:

"The Legislature may, upon a proper and reasonable classification, enact a general law which at the time of its enactment is applicable to only one county; provided its application is not so inflexibly fixed as to prevent it ever being applicable to other counties."

We also quote from Rodriguez v. Gonzales, 148 Tex. 537, 227 S.W.2d 791, 793, where the Court stated:

"The primary and ultimate test of whether a law is general or special is whether there is a reasonable basis for the classification made by the law, and whether the law operates equally on all within the class. Bexar County v. Tynan, 128 Tex. 223, 97 S.W.2d 467; Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000; 1 Sutherland (2nd Ed.), Statutory Construction, Sec. 203. If the classification made by the law 'is not based upon a reasonable and substantial difference in kind, situation or circumstance bearing a proper relation to the purpose of the statute,' it is a special law."

It is our opinion that Art. 1266 meets the requirements of these decisions. The statute is not closed but it is one into which cities not only may but have grown. Appellants as much as concede that the statute is not invalid on the ground that it is too restrictive but base their principal argument upon the ground that the classification of the statute has no proper relation to the purpose of the statute. With this we do not agree.

The number of problems which a city has and their complexity increase with amazing alacrity as a city grows in size. To meet these problems the Legislature enacts various laws which it deems appropriate to cities of a given size. Art. 1266 is one of these laws. It applies to the four largest cities in Texas and provides that they may not detach territory unless it exceeds three acres in size and is unimproved. On the other hand, the Legislature has provided that cities incorporated under general laws, usually less than 5,000 population, may detach if there is at least 10 acres which is uninhabited as defined in such statute.[1]

The record in this case reflects a very sound basis for the distinction drawn by the Legislature as reflected by Arts. 1266 and 973. The nature of the improvements on this territory, sewers, gas, water, telephone, power facilities and paved roads are but the usual and customary improvements to be found within the limits of all large cities such as San Antonio, Dallas, Houston and Fort Worth. Small towns as those affected by Art. 973 are not so likely to be as highly improved and hence are the subject of different legislative treatment in this respect.

■ In our opinion there is a legitimate relationship between the size of a city and the privilege of detaching a portion of its territory and that Art. 1266, based upon such relationship, is a valid statute) Whether it is wise or unwise is exclusively a legislative matter.

■ We have no hesitancy in saying, however, that a city dweller who becomes accustomed to city services and privileges such as water, sewer, garbage, schools and fire and police protection or who has improved his property in reliance upon city zoning laws is entitled to reasonable safeguards against the overnight destruction of these advantages and that the enforcement of Art. 1266 will have this wholesome effect.

■ The contention that this territory is unimproved within the meaning of Art. 1266 is overruled. Appellants cite no authority in support of this point and we do not deem it necessary to cite or discuss the many authorities referred to by appellees.

Considering the area as a whole as we must since the parties have so treated it, there is one person living on approximately every two acres' and there are sufficient houses and commercial buildings and roads and utilities to serve them all. In no sense of the word can it be said that this area is unimproved.

■ Appellants plead in bar that an identical suit filed by all appellees except the State (Cause No. F–81,563 Bexar County District Court) and a judgment of dismissal therein based on the absence of the State is res adjudicata. There was no trial on the merits and there is no res adjudicata. 26 Tex.Jur. p. 85.

Finding no error the judgment of the trial court is affirmed.

Affirmed.

1. " * * * which is uninhabited or on which there are fewer than one (1) occupied residence or business structure for every two (2) acres of such territory and fewer than three (3) occupied residences or business structures on any one (1) acre of such territory, * * *." Art. 973, V.A.C.S.