494 P.2d 164

Rowena S. PINER and Ann Edwards, Plaintiffs-Appellants,

v.

Billie A. PENDER, Defendant-Appellee.

No. 9340.

Supreme Court of New Mexico.

Feb. 18, 1972.

Shipley, Durrett, Conway & Sandenaw, Alamogordo, for plaintiffs-appellants.

Albert J. Rivera, Alamogordo, for defendant-appellee.

· OPINION

COMPTON, Chief Justice.

From an order dismissing plaintiffs' complaint for lack of jurisdiction of the subject matter, plaintiffs have appealed.

The facts are rather simple. H. H. Pender left to his two daughters, appellants herein, nine antique guns by his last will and testament. Bud Pender, his son, was appointed his executor. The trial court found that in Probate Cause No. 30 in the District Court of Otero County that said Probate Court ordered the said antique rifles be distributed to the plaintiffs. Robert Pender, Bud Pender's brother, took possession of the guns, stating that he would take them for safekeeping until the appellants, who were then minors, were able to take care of them. Robert Pender subsequently died without delivering the guns to the appellants. Appellee was then appointed administratrix of Robert Pender's estate. Appellants requested appellee to deliver the guns to them but she refused. She had the guns appraised and offered to purchase the guns from the appellants for the appraised price. Thereupon, appellants sought an order directing appellee to deliver the guns to them. The lower court found that appellants were the legal owners of the guns; this finding has not been appealed.

The appellants contend on appeal, on the basis of their requested findings, that they had stated and proved a claim

for relief on the basis of a constructive trust. Such a claim is without merit. The trial court found that no showing had been made in whose possession the antique rifles were at the time the trial was held. This finding has not been challenged and is binding upon us. Even if a constructive trust could be based on possession alone, apart from the other elements of a constructive trust, a point we need not decide, there is nothing in the record to show that defendant had possession of the rifles or any interest therein.

■ An action in replevin was the proper remedy. See § 22–17–1 et seq., N.M. S.A.Comp. However, as stated above, there was no showing that defendant had either actual or constructive possession of the guns at the time of trial. Thus, the dismissal of the suit by the trial court was proper, even if there was an implied waiver of seizure and delivery of the guns as provided in § 22–17–7, N.M.S.A. Comp. and as urged by plaintiffs.

The order should be affirmed.

It is so ordered.

OMAN and MONTOYA, JJ., concur.