584 P.2d 198

**Ernest H. CHRISTMAN and Ruth E. Christman, Plaintiffs-Appellants,**

v.

**J. Read HOLLAND and Elizabeth C. Holland, his wife, Defendants-Appellees.**

**No. 3216.**

Court of Appeals of New Mexico.

Aug. 22, 1978.

E. Douglas Latimer, Albuquerque, for plaintiffs-appellants.

Harry O. Morris, Albuquerque, for defendants-appellees.

OPINION

SUTIN, Judge.

Christman sued Holland for fraud arising out of the sale to Christman of a residential dwelling. On motion to dismiss on grounds of res judicata, the trial court dismissed Christman's complaint with prejudice. Christman appeals. We reverse.

The judgment entered grew out of two prior lawsuits.

(1) On May 2, 1975, Cause No. 5–75–02127 was filed in the Bernalillo County District Court. J. B. McIntire was plaintiff, with Christman and Holland as two of four defendants. McIntire sought to foreclose a lien upon the property described in the Holland-Christman real estate contract. McIntire's claim against Holland was dismissed with prejudice because Holland's real estate contract was superior to McIntire's claim of lien. McIntire and Christman settled their dispute, and the McIntire complaint was dismissed with prejudice.

(2) On April 25, 1976, in Cause No. 38821, Christman, pro se, filed a civil complaint against Holland in the Albuquerque Small Claims Court. Christman claimed damages in the sum of $1,996.56. Holland answered and filed a counterclaim in the sum of

$260.00. Christman employed an attorney, and on Christman's motion, the court entered a final order dismissing Christman's complaint *without* prejudice, having been advised that Christman wanted to file suit in the district court for an amount in excess of the jurisdiction of the small claims court.

These prior lawsuits were not final judgments rendered after a hearing on the merits, and they did not adjudicate any issue of fact. *McIntire* involved a settlement with Christman. Holland says:

> The critical question is whether the party being bound by the former [McIntire] judgment *had a full and fair opportunity to litigate the matter.* The Christmans did. [Emphasis added.]

Holland is mistaken. Merely because Holland and Christman were co-defendants in the *McIntire* foreclosure action, and could have cross-claimed against each other does not give rise to res judicata.

Holland relies on *Air Engineering v. Corporacion de la Fonda,* 91 N.M. 135, 571 P.2d 402 (1977) as explained by the law stated in *Ealy v. McGahen,* 37 N.M. 246, 21 P.2d 84 (1933). *Air Engineering* was a summary judgment case in which res judicata was absent. *Ealy* held:

> Final judgments are conclusive as to the claim or demand in controversy as to the parties in the suit and those in privity with them, not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Public policy requires that there be an end to litigation and that rights once established by a final judgment shall not again be litigated in any subsequent proceeding. [37 N.M. at 251, 21 P.2d at 87.]

*Ealy* speaks strongly against Holland's claim of res judicata. Res judicata would apply if a judgment had been entered upon the merits of a controversy between Christman and Holland in the *McIntire* action. It would have been conclusive upon every question of fact directly in issue determined in the action. *Trujillo v. Acequia de Chamisal,* 79 N.M. 39, 439 P.2d 557 (Ct.App.1968);

*Ealy, supra.* This event never occurred. The difference between Holland's position and res judicata is apparent. "The difference" as Mark Twain once said, "between the right word and the almost right word is the difference between lightning and the lightening bug."

Holland relies on deposition testimony taken in the *McIntire* action. He seeks to catch at a straw to sustain the doctrine of res judicata. This is not even a slender seed to lean upon.

We can find no legal basis upon which to sustain the judgment of dismissal entered below.

Reversed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.