653 P.2d 177

Eddie MILLER and Gary Miller d/b/a 4 M's Excavating Service, Plaintiffs-Appellees,

v.

Ron BOURDAGE, Defendant-Appellant.

No. 5714.

Court of Appeals of New Mexico.

Oct. 5, 1982.

Douglas A. Echols, Tansey, Rosebrough, Roberts & Gerding, P.C., Farmington, for defendant-appellant.

Robert L. Finch, Farmington, for plaintiffs-appellees.

## OPINION

SUTIN, Judge.

Plaintiffs sued defendant in two counts: (1) conversion by defendant of a 1966 Ford vehicle for which plaintiff paid $3,400.00 and (2) unjust enrichment of defendant. Judgment was granted plaintiffs and defendant appeals. We affirm.

The trial court found:

\* \* \* \* \* \*

2. On or about April 4, 1979, Plaintiffs purchased from Defendant a 1966 Ford vehicle by executing a written contract approved by both parties.

3. The purchase price of $3,400.00 was paid in full upon execution of the contract.

4. On or about April 12, 1979, the Plaintiffs entered into a verbal agreement with Defendant to purchase a 1965 Ford vehicle on the condition that it proved satisfactory to the needs of Plaintiffs and suitable financing could be found.

5. The 1965 Ford vehicle proved unsatisfactory to Plaintiffs and was returned to Defendant.

6. Financing for the 1965 vehicle was never found and the terms of payment were never agreed upon.

7. The purchase agreement for the 1965 Ford vehicle was not approved by Defendant and was not a valid and binding contract by the parties.

8. Plaintiffs returned both the 1965 and 1966 vehicles to Defendant.

9. Defendant refused to return the $3,400.00, or any part thereof to Plaintiffs.

10. On August 16, 1979, Plaintiffs filed an action against Defendant in the District Court of San Juan County, \* \* \* Cause No. 79–1168.

11. Cause No. 79–1168 was dismissed before Plaintiffs case-in-chief was completed on the grounds that the 1966 vehicle was not in the possession of Defendant at the time of [sic] replevin action was filed.

12. No trial on the merits was completed in Cause No. 79–1168 and no cause of action other that [sic] the replevin was litigated by that case.

The trial court concluded:

\* \* \* \* \* \*

3. Defendant has been unjustly enriched at the expense of Plaintiffs by keeping the $3,400.00 that Plaintiffs paid to Defendant.

\* \* \* \* \* \*

5. Plaintiffs' action for conversion and unjust enrichment is not barred by the Doctrine of Res Judicata as a result of the dismissal of Cause No. 79–1168.

Defendant claims: (1) findings No. 5, 6, 11 and 12 are not supported by substantial evidence; (2) the court erred in its findings No. 4 and 7; and (3) the trial court erred in making its conclusion of law that the action was not barred by res judicata.

Defendant's claims with reference to the court's findings are disposed of summarily. Rule 7(b) of the Rules of Appellate Procedure provides that the appellant shall order in writing from the reporter a transcript of such parts of the proceedings, not included in the record proper, as he deems necessary for inclusion in the transcript on appeal. The record does not show that defendant made such a request. A transcript of proceedings was filed. None of the exhibits introduced in evidence were requested nor presented to this Court. Some appear in the record proper.

■ Two witnesses testified—plaintiff, Eddie Miller and defendant, Ron Bourdage. The trial court believed plaintiff's testimony. To discuss each of the findings challenged would require a repetition of various appellate rules. This we refrain from doing. The findings are supported by substantial evidence.

Defendant's claim of res judicata merits consideration.

Defendant attacked conclusion of law No. 5 in which the court concluded that plaintiffs' action for conversion and unjust enrichment was not barred by the doctrine of res judicata as a result of the dismissal of the replevin action.

On April 6, 1979, plaintiffs purchased a 1966 Ford vehicle from defendant for the sum of $3,400.00. A few days later the vehicle was returned to defendant as inadequate for plaintiffs' needs, which involved hauling a bulldozer. A day or two subsequent to the return of the 1966 vehicle, defendant obtained a 1965 Freightliner vehicle for plaintiffs, the 1966 vehicle being used as a trade-in therefor. The 1965 vehicle was returned to defendant five or six weeks later. On August 16, 1979, plaintiffs filed a Petition for Replevin of the 1966 vehicle in which it waived seizure and delivery and asserted its reasonable value as $3,400.00. The petition was heard before the same district judge who presided at the trial in the instant case. In the replevin action, the court found that plaintiffs did not meet their burden of proof and entered judgment in favor of defendant.

At the close of the instant case, the court announced that the basis for the dismissal of the replevin suit was the fact that defendant did not have and had not had possession of the 1966 Ford at any time during the pendency of the action. It was this burden that plaintiffs failed to meet. Defendant testified that he had the 1965, not the 1966, vehicle in his possession for more than a year. He now claims that he had possession of the 1966 vehicle during the entire pendency of the earlier action. If defendant meant the 1966 vehicle, not 1965, the record shows that judgment in the re-

plevin action was entered February 12, 1981, about 18 months after the complaint was filed. It is reasonable to assume that at the time of trial, defendant was not in possession of the 1966 vehicle. As a result, plaintiffs failed in their burden of proof in the replevin action and judgment of dismissal was entered. These proceedings did not bar plaintiffs' right to proceed in conversion and unjust enrichment.

■ A replevin action cannot be maintained in the absence of showing that defendant had actual or constructive possession of the property at the time of trial even if there were an implied waiver of seizure and delivery. *Piner v. Pender,* 83 N.M. 502, 494 P.2d 164 (1972). "If the chattels are not found and seized the court, having acquired no control over same, is without power or jurisdiction to award actual possession to either plaintiff or defendant." *Wood v. Grau,* 55 N.M. 429, 433, 234 P.2d 362 (1951). *Wood* held that plaintiff should have been allowed to amend and proceed in trover and conversion.

■ In the replevin action, the facts were put in issue but not actually adjudicated. When no disposition was had on the merits, the replevin action did not operate as a bar to the subsequent suit on conversion and unjust enrichment. *Trujillo v. Acequia de Chamisal,* 79 N.M. 39, 439 P.2d 557 (Ct.App.1968); *Christman v. Holland,* 92 N.M. 151, 584 P.2d 198 (Ct.App.1978).

■ Furthermore, the trial court did not conclude that defendant converted the money to his own use. The claim of conversion is irrelevant to the doctrine of res judicata. At the conclusion of the case, the court stated that "there has been an unjust enrichment in this case. It simply isn't fair that the defendant keep the plaintiff's money." Defendant did not attack conclusion No. 3, *supra,* that defendant has been unjustly enriched. This conclusion was supported by the findings.

"It is at this point in our reasoning that the majority of this Court and the author of this opinion come to a parting of the ways." *Breeden v. Wilson,* 58 N.M. 517, 524, 273

P.2d 376 (1954). The majority believes that discussion of the substantive law of unjust enrichment is inappropriate in light of the grounds relied upon by defendant for reversal. The author of this opinion believes that a matter of first impression raised by the pleadings, tried before the court upon which judgment was entered and appeal taken is appropriate.

The doctrine of unjust enrichment is defined in Black's Law Dictionary 1705 (Rev. 4th ed. 1968). Omitting the citation of authorities, it reads:

Doctrine that person shall not be allowed to profit or enrich himself inequitably at another's expense. Under this doctrine a defendant has something of value at the plaintiff's expense under circumstances which impose a legal duty of restitution. Doctrine permits recovery in certain instances where person has received from another a benefit retention of which would be unjust. Doctrine is not contractual but is equitable in nature.

"The benefit may be an interest in money, land, chattels, or choses in action; beneficial services conferred; satisfaction of a debt or duty owed by him; or anything which adds to his security or advantage." *Baugh v. Darley,* 112 Utah 1, 184 P.2d 335, 337 (1947).

*Freedline v. Cielensky,* 115 Ohio App. 138, 184 N.E.2d 433, 437 (1961) states:

The phrase "unjust enrichment" is frequently used in the common-law remedy of restitution, which remedy is sometimes relied upon to prevent a person from retaining property to which he is not justly entitled. [Citation omitted.]

*Graphic Arts Mutual Insurance Co. v. Monello,* 41 Misc.2d 943, 246 N.Y.S.2d 645, 647 (1963) speaks in terms of an action for money had and received. It says:

[A]n action for money had and received which, though an action at law, is governed by equitable principles and will be treated as such here. This action is liberal in form and favored by the courts. The generally accepted test which determines whether recovery may be had is whether the defendant in equity and good conscience is entitled to retain the money to which plaintiff asserts its claim.

It also holds that restitution is granted only where it is equitable to do so. Restitution orders are appropriate and necessary as part of equitable relief. *State v. Ralph Williams' N.W. Chrysler Plymth., Inc.,* 82 Wash.2d 265, 510 P.2d 233 (1973). "The remedy of restitution is an equitable one and should be as consistent with reality as possible." *Johansen v. Pelton,* 8 Cal.App.3d 625, 87 Cal.Rptr. 784, 790 (1970). "In equity, restitution is ordered upon the principle that a court of equity will order one to do what in good conscience he should do." *Blood v. Fleming,* 161 F.2d 292, 296 (10th Cir.1947).

The doctrine of unjust enrichment is broad and expansive in scope. It rests within the good conscience of the court and operates in favor of a party only when equity and justice flow from the nature of the case and the facts presented.

Plaintiffs' complaint in conversion and unjust enrichment were not barred under the doctrine of res judicata.

AFFIRMED. Defendant shall pay the costs of this appeal.

LOPEZ, J., concurs.

WOOD, J., specially concurring.

WOOD, Judge (specially concurring).

I concur in the result reached by Judge Sutin; I do not join in the opinion. My special concurrence is on the following basis.

1. Exhibit 2, the asserted contract for the 1965 truck, has not been included in the appellate record, however, there is testimony about the exhibit. There were two witnesses—one of the plaintiffs and defendant. Plaintiff's testimony is substantial evidence supporting the findings of the trial court that go to the dealing by the parties concerning the 1965 truck.

Because Exhibit 2 was not signed, and the testimony about the exhibit did not establish that delivery of the 1965 truck to

the plaintiffs amounted to an acceptance by defendant of the plaintiffs' offer to buy, defendant recognizes that evidence as to the parties' language and conduct, the objective of the parties and the circumstances of the dealing between the parties must be considered. *Shaeffer v. Kelton,* 95 N.M. 182, 619 P.2d 1226 (1980).

Defendant states that the plaintiffs' offer to buy was accepted by defendant's performance. *See Keeth Gas Co., Inc. v. Jackson Creek Cattle Co.,* 91 N.M. 87, 570 P.2d 918 (1977). The question of performance was a disputed issue of fact; the testimony as to the circumstances of the dealing between the parties was such that the trial court could properly find as it did.

In essence, defendant argues that its evidence should have been accepted by the trial court as true, and the evidence of the plaintiffs should have been rejected. Credibility of the witnesses was for the trial court. *Lujan v. Pendaries Properties, Inc.,* 96 N.M. 771, 635 P.2d 580 (1981).

2. Defendant claims that the judgment in the prior replevin action barred the plaintiffs' suit for conversion or unjust enrichment under the doctrine of res judicata. This was an affirmative defense which the defendant had the burden of proving. Rule of Civ.Proc. 8(c). The record on appeal, *see* R.Civ.App. 7, does not show that the judgment in the replevin action was introduced into evidence. Assuming that judgment was before the trial court by virtue of the summary judgment proceeding which occurred prior to trial, that judgment recites only that "plaintiffs did not meet their burden of proof on the theory of replevin". There was nothing showing a judgment on the merits in the replevin action. *See Trujillo v. Acequia de Chamisal,* 79 N.M. 39, 439 P.2d 557 (Ct.App.1968) and § 42–9–14, N.M. S.A.1978. I agree with defendant that evidence is lacking to support Findings Nos. 11 and 12, nevertheless, the trial court correctly rejected the defense of res judicata because of failure of proof.

3. Defendant seeks reversal of the trial court's judgment only on the grounds discussed under Points 1 and 2. As Judge

Sutin points out, defendant does not challenge the conclusion that defendant was unjustly enriched. The discussion of the substantive law of unjust enrichment is inappropriate in light of the grounds relied on by defendant for reversal. *See State of New Mexico ex rel. Human Services Department v. Staples,* 98 N.M. 540, 650 P.2d 824.