This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-16,**

Plaintiff-Appellee,

**v.**                                                   No.    34,459

**SUZANNE LOPES,**

Defendant-Appellant,

**and**

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (SOLELY AS NOMINEE FOR LENDER AND LENDER'S SUCCESSORS AND ASSIGNS) and OSCAR D. FREITES,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice Brickhouse, District Judge**

Keleher & McLeod, P.A.
Benjamin F. Feuchter

Albuquerque, NM

for Appellee

Suzanne Lopes
Albuquerque, NM

Pro se Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     Defendant Suzanne Lopes appeals from the district court's amended order of dismissal. By its amended order, the district court set aside its prior judgment and dismissed the action without prejudice. On appeal, Defendant argues that the dismissal should have been with prejudice. Specifically, Defendant contends that the doctrine of res judicata prohibits a second foreclosure lawsuit. Because we conclude that a dismissal for lack of standing is not a ruling on the merits of the foreclosure action, we affirm the district court's amended order.

**BACKGROUND**

{2}     This case is before this Court a second time. The case initially came before us for review of the district court's summary judgment in favor of Plaintiff, The Bank of New York Mellon f/k/a The Bank Of New York, Not In Its Individual Capacity But Solely As Trustee For The Benefit Of The Certificate Holders Of The CWABS Inc., Asset-Backed Certificates, Series 2006-16. In the prior case, we held that Plaintiff

failed to establish standing to file a suit for foreclosure against Defendant at the time of the complaint and reversed and remanded to the district court. *Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶¶ 13-14, 336 P.3d 443.

{3} On remand, the district court initially dismissed the case with prejudice. Plaintiff filed a motion to reconsider, which the district court granted, thereby entering its amended order to dismiss without prejudice. Defendant appeals, raising a purely legal issue with this Court: Whether the dismissal of Plaintiff's complaint should have been with prejudice.

**DISCUSSION**

**Res Judicata and Collateral Estoppel**

{4} Defendant argues that, because Plaintiff failed to produce evidence of its standing in the present case over four years of litigation, the idea that it could do so now "defies credulity" and it should be barred from doing so by the doctrine of res judicata and the applicable statute of limitations. Whether Plaintiff could produce evidence in a future case that would establish its standing as of the date of filing a complaint in such future case is hypothetical and not presently before this Court. As such, we decline to address it further. *See City of Sunland Park v. Harris News, Inc.*, 2005-NMCA-128, ¶ 50, 138 N.M. 588, 124 P.3d 566 (declining to answer a hypothetical question because it would be tantamount to an advisory opinion). Likewise, whether a cause of action brought in a future case may be barred by the

3

statute of limitations is hypothetical and not presently before this Court. We likewise decline to address it further. *See id.* We proceed to consider Defendant's res judicata argument.

{5}     Defendant argues that res judicata completely bars re-litigation of Plaintiff's foreclosure action because a final decision was made on the standing issue and because the *district court* entered an order addressing the remainder of the merits—even though this Court stated that, "[b]ecause our disposition of the standing issue is dispositive, we do not reach the merits of the other issues." *See Lopes*, 2014-NMCA-097, ¶ 5. Whether res judicata bars re-litigation of a foreclosure lawsuit that has been dismissed for lack of standing was addressed by this Court recently in *Bank of New York as Trustee for Popular Financial Services Mortgage/Pass Through Certificate Series #2006-D v. Romero*, 2016-NMCA-_, _ P.3d _ (No. 34,426, July 28, 2016) (*Romero II*).

{6}     In *Romero II*, we explained that, while standing is one aspect of a foreclosure claim, a dismissal based on lack of standing is not an adjudication on the merits of the foreclosure claim such that future claims are precluded. *Id.* ¶ 22. Citing to our Supreme Court's recent opinion, *Deutsche Bank National Trust Co. v. Johnston*, 2016-NMSC-013, 369 P.3d 1046, as well as other states' opinions, we concluded that, when a party fails to prove standing, the proper remedy is dismissal without prejudice or allowance of subsequent lawsuits. *Romero II*, 2016-NMCA-_ ¶¶ 17-22. The same

reasoning and holding applies to the present case. Because Plaintiff's complaint was dismissed for lack of standing, a dismissal without prejudice was the appropriate remedy. *See id.*; *see also Hope Cmty. Ditch Ass'n v. N.M. State Eng'r*, 2005-NMCA-002, ¶ 10, 136 N.M. 761, 105 P.3d 314 (stating that a case that was dismissed for lack of standing was not dismissed on the merits, "and therefore the denomination 'with prejudice' in the order was incorrect"); *Trujillo v. Acequia de Chamisal*, 1968-NMCA-015, ¶¶ 10-13, 79 N.M. 39, 439 P.2d 557 (explaining that a case was not dismissed on the merits when it was dismissed for lack of standing and stating that a "dismissal . . . for want of capacity to sue . . . will not operate as a bar to the subsequent suit where no disposition was had on the merits").

{7}     In *Romero II*, we also noted that the doctrine of collateral estoppel—which would bar the re-litigation of an ultimate fact or issue, such as standing, as opposed to the entire claim, such as foreclosure—likewise does not bar a second foreclosure action by the same plaintiff. *See* 2016-NMCA-__, ¶¶ 23-24. We noted that ruling on collateral estoppel at this point would, in fact, be premature because it is not yet known whether the ultimate fact or issue may be supported by additional facts or legal arguments. *Id.* ¶ 25. We further noted that other jurisdictions have found that litigation of the issue of standing was not precluded by a negative standing ruling in the prior case. *Id.* Again, the same reasoning would apply to the present case. To the extent Defendant intended to argue that collateral estoppel bars the re-litigation of the

5

standing issue in a second case, the issue is premature because, as indicated above, the question of whether Plaintiff could produce evidence in a future case that would establish its standing as of the date of filing a complaint in such future case is hypothetical and not presently before this Court. *See id.*

**Judicial Notice**

{8} Defendant asks that this Court to take judicial notice of certain alleged facts regarding Plaintiff's actions after certain orders and/or opinions were entered. Such actions, however, do not impact our legal analysis and are not otherwise relevant to the present appeal. We therefore decline to take judicial notice of such facts.

**Standing is Not a Jurisdictional Prerequisite**

{9} We finally note that the reasoning in Plaintiff's answer brief relies on the principle that standing is a jurisdictional prerequisite. Although this appeared to be the law until very recently, in *Johnston*, our Supreme Court "clarif[ied] that standing is not a jurisdictional prerequisite in mortgage foreclosure cases in New Mexico[.]" 2016-NMSC-013, ¶ 9. We note this for the parties' benefit and information.

**CONCLUSION**

{10} For the foregoing reasons, we affirm the district court's amended order, dismissing Plaintiff's complaint without prejudice.

{11} **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**

_____

**STEPHEN G. FRENCH, Judge**