This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**U.S. BANK NATIONAL ASSOCIATION,**
**as TRUSTEES for PRIME MORTGAGE**
**TRUST 2005-5**,

    Plaintiff-Appellant,

v.                                                                    **No. 35,096**

**PAUL A. RODRIGUEZ, NORTHERN**
**NEW MEXICO SCHOOL EMPLOYEES**
**FEDERAL CREDIT UNION, and**
**the UNKNOWN SPOUSE of PAUL A.**
**RODRIGUEZ, if any,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

Rose Little Brand, & Associates, P.C.
Eraina M. Edwards
Albuquerque, NM

for Appellant

Walcott, Henry & Winston, P.C.
Donald A. Walcott
Santa Fe, NM

for Appellees

## MEMORANDUM OPINION

**BOHNHOFF, Judge.**

{1}     Plaintiff U.S. Bank National Association (U.S. Bank), as Trustee for Prime Mortgage Trust 2005-5, seeks to enforce a promissory note given by Defendant Paul Rodriguez and foreclose on a mortgage granting it a security interest in his residence. The district court dismissed U.S. Bank's complaint with prejudice, ruling that the bank lacked standing and, moreover, the complaint was barred by the doctrine of claim preclusion based on the dismissal with prejudice of an earlier complaint on standing grounds. U.S. Bank appeals, contending that the dismissal was not on the merits and should have been without prejudice. We agree. We reverse the dismissal with prejudice and remand to the district court with instructions to dismiss the complaint without prejudice.

## BACKGROUND

{2}     The record either establishes or, alternatively, does not reflect any dispute regarding the following background information:

**A.     The Rodriguez Loan**

{3}     On December 5, 2000, Rodriguez borrowed $280,000 from Express Capital Lending (ECL), a California corporation. The loan was evidenced by a note that Rodriguez executed and gave ECL, and secured by a mortgage on Rodriguez's

residential property in Santa Fe.

**B.     The First Foreclosure Action**

{4}     In April 2009, U.S. Bank filed a complaint against Rodriguez in district court (Foreclosure I). U.S. Bank alleged that Rodriguez had defaulted on the loan and sought to enforce Rodriguez's note and foreclose on the mortgage. In April 2011, Rodriguez moved to dismiss Foreclosure I, arguing that, because the note was given to ECL and had not been indorsed in favor of, and the mortgage had not been assigned to, U.S. Bank, U.S. Bank had no standing, i.e., it had no right to enforce the note and foreclose on the mortgage.

{5}     U.S. Bank did not file a response to Rodriguez's motion to dismiss. Instead, in a series of email exchanges, the parties' counsel discussed how to address the fact that U.S. Bank did not appear to be a holder of the note. U.S. Bank's counsel provided copies of the note and mortgage reflecting that ECL had indorsed the note to Impac Funding Corporation (Impac), which in turn had indorsed the note to Bankers Trust Company of California, N.A. (Banker's Trust), "as trustee of the Pooling and Servicing Agreement relating to Impac Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2000-1" and that the mortgage similarly had been indorsed first to Impac and then to Banker's Trust. The note indorsements were undated; the mortgage assignments were dated December 5, 2000, the date of the original

3

transaction. U.S. Bank's counsel proposed stipulating to dismiss the complaint without prejudice so the proper party could re-file the complaint in its name once it had been determined who was the holder of the note. Rodriguez's counsel, however, insisted that the dismissal be with prejudice. On July 12, 2011, after advising U.S. Bank's counsel what he intended to do, Rodriguez's counsel submitted a proposed order to the district court, providing for dismissal of the complaint with prejudice. Rodriguez's counsel's transmittal letter to the court, a copy of which was sent to U.S. Bank's counsel, noted U.S. Bank's opposition and that, pursuant to the court's local rule, it had five days to file its objection to the order. U.S. Bank's counsel did not file anything in response. On July 25, 2011, the district court entered Rodriguez's proposed order dismissing the complaint with prejudice. The district court added the following handwritten note to the order: "No objections were filed to the order."

**C.      The Second Foreclosure Action**

{6}      U.S. Bank did not move to reconsider or otherwise request the district court to vacate, and also did not appeal, the July 25, 2011 order. Instead, represented by new counsel, on October 17, 2011, U.S. Bank filed a second action against Rodriguez in district court to enforce and foreclose on, respectively the December 2000 note and mortgage (Foreclosure II). U.S. Bank attached to its complaint the same copies of the note and mortgage, showing indorsement of the note and assignment of the mortgage

to Banker's Trust, that its first counsel had provided to Rodriguez's counsel. In addition, U.S. Bank attached a copy of an October 6, 2011 assignment of the mortgage from Impac to U.S. Bank; no explanation was given for the apparent fact that Impac had assigned the mortgage to Banker's Trust approximately eleven years earlier.

{7} On December 1, 2014, Rodriguez moved for summary judgment. He advanced two arguments. First, citing our Supreme Court's decision in *Bank of New York v. Romero* (*Romero I*), 2014-NMSC-007, 320 P.3d 1, Rodriguez urged that U.S. Bank had no standing to enforce the note and foreclose on the mortgage, because the note still was not indorsed in U.S. Bank's favor. Second, he maintained that, in any event, the dismissal with prejudice of Foreclosure I barred Foreclosure II based on principles of res judicata, i.e., claim preclusion. In response to the claim preclusion argument, U.S. Bank argued only that the district court previously denied Rodriguez's motion to dismiss on the same grounds, ignoring that the district court's ruling in that context apparently was limited to a review of the four corners of the complaint. In response to the standing argument, U.S. Bank argued that *Romero I* should not be applied retroactively, and that it was in the process of obtaining an "allonge"[1] or indorsement

[1]An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements. . . . [A] paper affixed to the instrument is part of the instrument."

5

that would show that it was the holder of the note. At the conclusion of a hearing on February 5, 2015, the district court orally ruled that it would grant summary judgment on the grounds that U.S. Bank lacked standing to enforce the note. The court did not address the claim preclusion argument.

{8}     Eight days *after* the summary judgment hearing, on February 13, 2015, U.S. Bank filed a "Notice of Filing Certificate of Possession of Original Note." In the certificate, a representative of Ocwen Loan Servicing, LLC, which was identified as a "Servicer" for U.S. Bank, stated that U.S. Bank was currently, as well as at the time of the filing of the October 17, 2011 complaint, in possession of the original December 5, 2000 note; and that a true and correct copy of the note together with all indorsements and/or allonges was attached to the certification. Attached to the certification was the same copy of the note, showing the undated indorsements from ECL to Impac and then from Impac to Banker's Trust, that had been attached to the October 17, 2011 complaint; also attached, however, was a copy of an undated "Allonge to Note," showing an indorsement from "Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, N.A. as Trustee under the Pooling and Servicing Agreement Related to Impac Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2001-1" to U.S. Bank. No explanation was given

---

*Black's Law Dictionary* 92 (10th ed. 2014) (internal quotation marks and citation omitted).

for the discrepancy between U.S. Bank's status as Plaintiff (as Trustee for Prime Mortgage Trust 2005-5) and the status of Banker's Trust and then U.S. Bank in receiving their purported special indorsements from Impac (as trustee under the Pooling and Servicing Agreement related to Impac Secured Assets Corp. Mortgage Pass-Through Certificates, Series 2000-1).

{9} On March 10, 2015, the district court entered its order granting summary judgment for Rodriguez and dismissing U.S. Bank's second complaint with prejudice. The court reiterated its oral ruling that, pursuant to *Romero I*, which was entitled to retroactive application, U.S. Bank did not have standing. But, noting that Foreclosure I was dismissed with prejudice, the district court also ruled, as an independent basis for granting summary judgment, that Foreclosure II was barred by claim preclusion principles.

{10} Following entry of the order dismissing Foreclosure II, U.S. Bank filed a motion to reconsider. Effectively conceding that the allonge was provided at some later point in time, U.S. Bank argued that, even if it was not a holder of the note as of the date it filed the second complaint, it had "transferee" standing to enforce it because it was in possession of the note. U.S. Bank argued claim preclusion was not applicable, because the dismissal of Foreclosure I was not on the merits. Rejecting both arguments, the district court denied the motion. The court expressly found that

the allonge was created in 2015 and did not cure the standing problem. The court also entered a separate order awarding Rodriguez $9,335.10 in attorney's fees.

**{11}** U.S. Bank filed a timely notice of appeal. On appeal, U.S. Bank does not dispute the dismissal of either Foreclosure I or Foreclosure II for lack of standing, or the subsidiary finding that the allonge was not given to the bank until 2015. U.S. Bank also does not challenge the attorney's fee award. Instead, U.S. Bank seeks reversal only of the district court's determination that Foreclosure II would be dismissed with prejudice. U.S. Bank challenges the district court's determination that Foreclosure I had res judicata or claim preclusive effect, and similarly that the alternative dismissal of Foreclosure II for lack of standing was on the merits

**ANALYSIS**

**{12}** The principles announced in *Romero I*, *Deutsche Bank Nat'l Trust Co. v. Johnston*, 2016-NMSC-013, 369 P.3d 1046, and *Bank of New York v. Romero*, 2016-NMCA-091, 382 P.3d 991 (*Romero II*), are largely dispositive of the arguments advanced by the parties in this appeal.

**A.     Standard of Review**

**{13}** "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Montgomery v. Lomos Altos, Inc.*, 2007-NMSC-002, ¶ 16, 141 N.M, 21, 150 P.3d 971(internal

quotation marks and citation omitted). In the case at bar, the parties' dispute focuses on the legal significance of documentary evidence of U.S. Bank's status as a holder of Rodriguez's note and assignee of his mortgage, and the legal consequences of the dismissal of Foreclosure I. We review the district court's summary judgment rulings on those legal issues de novo. *Summers v. Ardent Health Servs., L.L.C.*, 2011-NMSC-017, ¶ 10, 150 N.M. 123, 257 P.3d 943.

**B.      *Romero I***

{14}      In *Romero I*, the Romeros gave a promissory note to Equity One, Inc., in exchange for funds that they used to refinance their home. At the same time, they signed a mortgage giving Mortgage Electronic Registration Systems (MERS), as nominee for Equity One, a security interest in the home. After the Romeros defaulted on their loan payments, Bank of New York filed a complaint to enforce the note and foreclose on the mortgage. 2014-NMSC-007, ¶ 5.

{15}      Bank of New York alleged in its complaint that it was the holder of the note. However, the evidence established only that it was in physical possession of the note and the mortgage prior to filing the complaint. The mortgage was assigned to it only after the filing date, and the bank never established that the note was indorsed over to it. *Id.* ¶ 6.

{16}      Our Supreme Court articulated several principles that led it to conclude that

9

Bank of New York failed to establish its standing to enforce the note and foreclose on the mortgage. First, under Section 3-301 of the Uniform Commercial Code, codified at NMSA 1978, § 55-3-301 (1992), a person generally has standing, i.e., the right, to enforce a note if it is the "holder" or "transferee" of the note. A "holder" is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]" NMSA 1978, § 55-1-201(b)(21)(A) (2005). An instrument is payable to bearer if it is written or indorsed as such or is indorsed in blank. NMSA 1978, Section 55-3-205(b) (1992). An instrument is payable to an identified person if that person is the original payee, or is specifically identified in an indorsement (a "special indorsement"). Section 55-3-205(a). Thus, and importantly, mere possession of a note does not suffice to establish standing as a holder unless the note originally identified the person in possession as the payee or is made payable to bearer. *Romero I*, 2014-NMSC-007, ¶ 21. If not, the person in possession of the note also must establish that the note is indorsed to bearer (or in blank) or specifically to that person in possession. *Id.* Because the Romero note was neither a bearer note or specially indorsed to the Bank of New York, it lacked standing as a holder to enforce the note. *Id.*, ¶¶ 19-28. The bank also could not establish that it was a transferee under Section 55-3-301, i.e., "a nonholder in possession of the instrument who has the rights of a holder." *Romero I*,

2014-NMSC-007, ¶¶ 29-33.

{17} Second, while a person must be either the original mortgagee or the mortgagee's assignee to have standing to foreclose on a mortgage, the mortgagee or its assignee also must have standing to enforce the underlying note. *Id.* ¶ 35. Thus, Bank of New York's status as assignee of the Equity One mortgage did not suffice to give it standing to enforce the note or foreclose on the mortgage. *Id.* ¶¶ 34-36.

{18} Third, a plaintiff seeking to enforce a note and foreclose on a mortgage must establish its standing to do so at the time it files suit. *Id.* ¶ 17. Even assuming Bank of New York otherwise could have established at the time of trial that it was a holder of the note, because it clearly was neither a holder of the note nor an assignee of the mortgage at the time it filed the complaint, it did not have standing to sue.

## C. *Johnston*

{19} In *Johnston*, like *Romero I*, the borrower, Johnston, refinanced his home. In exchange for the funds, he executed a note made payable to, and a mortgage in favor of, New Century Mortgage Corporation, both dated in 2006. *Johnston*, 2016-NMSC-013, ¶ 2. After Johnston defaulted on his payment obligations, in early 2009 Deutsche Bank National Trust Company filed suit to enforce the note and foreclose on the mortgage. Deutsche Bank attached to the complaint a copy of the original, unindorsed note and the original mortgage. However, Deutsche Bank alleged that it was the

holder of the note and that it owned the mortgage through assignment. *Id.* ¶ 3. In response to Johnston's motion to dismiss, Deutsche Bank attached an assignment of the mortgage in its favor, dated seven days after execution of the original note and mortgage but recorded after the date of the complaint. *Id.* ¶ 4. Then at trial, Deutsche Bank proffered a copy of the 2006 note that was indorsed by New Century, in blank but without a date. *Id.* ¶ 6.

{20} On appeal, our Supreme Court clarified that standing to enforce a note and foreclose on a mortgage is not a matter of jurisdiction, but only jurisprudential. *Id.* ¶¶ 10-14. The Court then reiterated its holding in *Romero I* that such standing must be established as of the date the complaint is filed. *Johnston*, 2016-NMSC-013 ¶¶ 20-27. A lender may simply allege in its complaint that it is the holder of the note, *id.* ¶ 27, but on summary judgment or at trial, it must present evidence that proves holder status or other basis for standing as of the date of the complaint. *Id.* ¶ 26. In particular, unless it is attached to the complaint, an indorsement must be dated to satisfy this requirement. *Id.* ¶ 24.

**D.    *Romero II***

{21} In *Romero I*, our Supreme Court had "remand[ed] to the district court with instructions to vacate its foreclosure judgment and to dismiss the Bank of New York's . . . foreclosure action for lack of standing." 2014-NMSC-007, ¶ 1. Upon remand, the

12

district court entered an order that not only dismissed the Bank of New York's complaint but also barred it from refiling a new action. The district court stated the following:

> It is the opinion of the court that by reason of issue preclusion the Bank is precluded from raising in the future the issue that it is entitled to enforce the Romeros' note and foreclose on the Romeros' mortgage . . . . [T]he complaint for foreclosure is dismissed with prejudice and the Bank cannot refile a complaint to enforce the Romeros' note and foreclose on the Romeros' mortgage.

*Romero II*, 2016-NMCA-091, ¶ 6 (alterations, emphases, and internal quotation marks omitted).

{22}     On the Bank of New York's appeal of the dismissal, this Court reversed. *Id.* ¶ 2. We considered both the claim and the issue preclusive effects of the dismissal order, given that the district court had dismissed the foreclosure claim based on the Supreme Court's decision on the standing issue. *Id.* ¶ 8.

**1.     Claim Preclusion**

{23}     Under the doctrine of claim preclusion a judgment will bar a subsequent action if the parties are the same in both actions, the cause of action is the same, the decision in the earlier action was a final judgment, and the first decision was on the merits. *See Tunis v. Country Club Estates Homeowners Ass'n*, 2014-NMCA-025, ¶ 24, 318 P.3d 713. In *Romero II*, this Court determined that the order dismissing the Bank of New York's complaint had no claim preclusive effect because it was not final and because

13

the merits of the foreclosure claim had not been litigated. *See Romero II*, 2016-NMCA-091, ¶ 16. This was consistent with decisions in other jurisdictions that a dismissal of a mortgage foreclosure case for lack of standing is not an adjudication on the merits that bars future claims. *See id.* As was reflected in one of the decisions that we cited, *id.* ¶ 17, this would be the case notwithstanding that the dismissal order provided that it was "with prejudice." *U.S. Bank Nat'l Ass'n v. Kimball*, 2011 VT 81, ¶ 22, 190 Vt. 210, 27 A.3d 1087 ("[D]espite the court's invocation of 'with prejudice' in its dismissal order, U.S. Bank cannot be precluded from pursing foreclosure on the merits should it be prepared to prove the necessary elements."). This is also consistent with New Mexico jurisprudence, which makes clear that courts will look behind "with prejudice" language to determine whether a judgment is on the merits and thus entitled to issue preclusive effect. *Trujillo v. Acequia de Chamisal*, 1968-NMCA-015, ¶ 10, 79 N.M. 39, 439 P.2d 557 ("Although the order of dismissal stated that it was on the merits, it becomes incumbent on us to inspect the record to ascertain if the recitals in the order are supported thereby."). Thus, the district court's dismissal of Bank of New York's complaint against the Romeros did not have claim preclusion effect.

14

## 2.    Issue Preclusion

{24}    Under the doctrine of issue preclusion, or collateral estoppel, a judgment will bar re-litigation of a factual or legal issue if the party to be barred was a party in the prior action, the claims in the new action are different from those advanced in the prior action, and the issue was actually litigated and necessarily decided in the prior action. *See Ideal v. Burlington Res. Oil & Gas Co.*, 2010-NMSC-022, ¶ 9, 148 N.M. 228, 233 P.3d 362. In *Romero II*, we emphasized that issue preclusion cannot be invoked to bar further litigation of an entire claim, as was suggested by the district court's order. *See* 2016-NMCA-091, ¶ 24. We also noted that changes in the facts between the first and the second actions can operate to negate the issue preclusive effect of the first action. *Id.* ¶ 25. For example, it is not inconceivable that a lender who has been shown to have no interest in a note and mortgage in an early proceeding could subsequently obtain an interest in those instruments, entitling the lender to then collect under the note and foreclose the mortgage. This consideration would explain why, as shown by the case law that we cited, *id.* ¶¶ 16-17, courts in other jurisdictions repeatedly have permitted lenders to re-file foreclosure proceedings following dismissals for lack of standing. For that reason, we concluded that it would be premature to address whether the district court's dismissal order would bar, on issue preclusion grounds, Bank of New York from filing a second foreclosure action against

15

the Romeros and properly establishing its standing in that proceeding: "[R]uling on issue preclusion at this point is premature insofar as there may be additional facts presented or ways of evaluating the standing issue in the second case that re-frame the issue." *Id.* ¶ 25. Accordingly, we "reverse[d] the district court's dismissal of the foreclosure action with prejudice" and "the court's ruling that the Bank is precluded from raising in the future the issue that it is entitled to enforce the Romeros' note and foreclosure on the Romeros' mortgage." *Id.* ¶ 27 (internal quotation marks and citation omitted).

**E.      Application of These Principles to the Case at Bar**

{25}      The foregoing precedent mandates reversal. As U.S. Bank appears to concede, under the rules articulated in *Romero I*, U.S. Bank failed to establish its standing in both Foreclosure I and Foreclosure II. The district court properly determined that neither the mere possession of the note that Rodriguez gave to ECL, nor the indorsements to Impac and then to Bankers Trust, sufficed to establish U.S. Bank's standing. Further, the undated allonge indorsement in favor of U.S. Bank could not establish standing, because, among other possible reasons, U.S. Bank did not receive it until long after Foreclosure II was filed.

{26}      However, in Foreclosure II, as well as Foreclosure I, the district court erred in dismissing U.S. Bank's complaints with prejudice. In neither case did the court reach

16

the merits of the claims raised in the complaint, including both the Bank's substantive right to enforce the note and mortgage and Rodriguez's alleged default. Thus, any dismissal on grounds of standing should have been without prejudice. Further, the alternative claim preclusion ground for dismissal of Foreclosure II was in error: the dismissal of Foreclosure I for lack of standing also was not on the merits and therefore it could not have claim preclusive effect notwithstanding that it was denominated "with prejudice." We therefore reverse the dismissal of Foreclosure II, and remand to the district court with instructions to dismiss the case without prejudice. Consistent with our decision in *Romero II* and the case law cited therein, 2016-NMCA-091, ¶¶ 23-26, we decline to address the remaining question, whether a third action by U.S. Bank against Rodriguez to enforce the note and foreclose on the mortgage would be barred on issue preclusion grounds.

**CONCLUSION**

{27}    We reverse the district court's dismissal of U.S. Bank's complaint with prejudice and remand with instructions to dismiss it without prejudice.

{28}    **IT IS SO ORDERED.**

_____
**HENRY M. BOHNHOFF, Judge**

17

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**JULIE J. VARGAS, Judge**